UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-11860-TPA |
| | : | |
| ERIE COUNTY PLASTICS CORPORATION, | : | CHAPTER 11 |
| | : | |
| | : | JUDGE THOMAS P. AGRESTI |
| Debtor. | : | |
| _____ | : | |

## POST-CONFIRMATION STATUS REPORT

AND NOW, comes the Official Committee of Unsecured Creditors, by and through its undersigned counsel, the Bernstein Law Firm, P.C., and files this Post-Confirmation Status Report, stating as follows:

1. On July 29, 2009, the Court entered an Order confirming the Amended Joint Plan of Liquidation dated May 6, 2009 (the "Plan").

2. On July 29, 2009, the Court entered a Post-Confirmation Notice and Order (the "Post-Confirmation Order") setting forth certain requirements and deadlines related to the Plan.

3. Paragraph 3 of the Post-Confirmation Order requires that the Plan Proponents file periodic status reports, pursuant to 11 U.S.C. 1106(a)(7), detailing the actions taken by the Plan Proponents and the progress made towards completion of the Plan.

4. The Plan was a straightforward plan of liquidation that provided for the orderly liquidation of Debtor's remaining assets, including a subsidiary of Debtor, Erie Plastics Europe KFT d/b/a Erie Hungary, as well as certain Causes of Action (as that term is defined in the Plan), including actions brought under Chapter 5 of the Bankruptcy Code ("Chapter 5 Actions").

5. Debtor successfully liquidated all of Erie Hungary's assets for a total of $260,000 and expects to collect the proceeds thereof in the near future. The funds are in the process of

being converted to U.S. Dollars and wired to Debtor's counsel's bank account, which the Debtor reports should be completed within the next seven (7) days.

6. The Committee is in charge of the bulk of the litigation contemplated by the Plan. Unfortunately, the Committee has had significant problems accessing the Debtor's computer records. After Plan confirmation, the Committee physically obtained the Debtor's computer servers, which house all of Debtor's business and financial records and which run "IQMS software." The Committee engaged the Debtor's former IT associate, Laurie Patterson, to access and copy the computer drives. However, after attempting to access the data, Ms. Patterson indicated that the computer servers are in disrepair and the information thereon is currently inaccessible.

7. The Committee then engaged a local Information Technology firm, who similarly could not access the data.

8. Finally, the Committee was forced to send the servers to "IQMS" for analysis. IQMS informs the Committee that the servers are damaged but not corrupt and is in the process of scanning the drives. This process should be complete within seven (7) days.

9. The Committee has diligently pursued Chapter 5 Actions against entities that received payments from the Debtor during the 90-days preceding the Debtor's bankruptcy filing.

10. Since the Confirmation Date, the Committee has filed thirty-one (31) lawsuits against the following entities pursuant to Chapter 5 of the Bankruptcy Code: The Dow Chemical Company, Adhesive Systems, Inc., CHEP USA, Coca-Cola Company, Coy Herald, C.R. Campbell Trucking, Edward J. Buell, Flint Hills Resources, Highmark, Inc., Ivanhoe Tool & Die Co., Inc., J&A Tool Company, Inc., Jepson Precision Tool, JB Hunt Transport, Inc., Kent Elastomers, Lemac Packaging, Inc., Linda Hajec, Liquid Molding Systems, Mold Masters

Limited, Nova Chemicals, Inc., Rite Systems, Riverdale Color MFG, Inc., Rexam Airspray, Inc., Skylon, Inc., Standridge Color Corp., Steve Sullivan d/b/a Sullivan Precision Components, Tayden, Inc., Reeves and Reeves, Georgia Pacific, International Paper Company, Sunoco Receivables, Verizon, Inc.

11. Due to a conflict on the part of Committee Counsel, the Debtor also filed suit against Wells Fargo Equipment Finance.

12. The Debtor and Committee settled three (3) potential Chapter 5 Actions prior to filing suit and filed appropriate motions to approve settlement agreements. Those actions were against Bruce Cleevely, Channel Prime Alliance, and R.N. Goss Gas Products.

13. After filing suit, the Committee settled following actions against the following defendants: Chep USA (settled for $8,500), Coca-Cola Company (settled for $32,000), Edward J. Buell ($7,200 settlement), Kent Elastomers ($10,500), J&A Tool ($22,500), Riverdale Color MFG ($4,381.70), and Reeves and Reeves ($5,633.73).

14. To date, the Committee has collected $114,683.33 from Chapter 5 actions.

15. The Committee continues to litigate the remaining Chapter 5 actions. All defendants have now filed answers to the original adversary complaints. After the upcoming first pretrial hearing on several of the lawsuits scheduled for January 21, 2010, the Committee will serve discovery requests on all opposing parties.

16. In the action against the Dow Chemical Company, the Committee has filed a motion for summary judgment, which is scheduled for hearing on January 25, 2010.

17. The Committee is also investigating and may file suit against the following entities: Corry Water, Fidelity, Fastenal Company, IUE/CWA (union), Kenmore Label and Tag, Menasha Packing Co., Principal Life Insurance, and UPS. With the exception of Fidelity and

IUE/CWA, the claims against the remaining potential defendants do not exceed the venue minimum of $10,950 proscribed by 28 U.S.C. § 1409. Accordingly, if pursued, those actions will be brought in the district court for the district in which the defendant resides. The Committee has attempted to settle the cases prior to filing suit, so as to avoid the costs associated with engaging local counsel to file the complaints. The Committee is currently reviewing those actions to determine if they are "cost effective" and will file suit in appropriate cases shortly.

18. With respect to Fidelity, the Committee is in the process of obtaining more information regarding the basis for the payments made to Fidelity.

19. With respect to the IUE/CWA, the Committee has been in detailed negotiations regarding settlement of the action and has, therefore, not yet filed suit.

20. The Committee has also conducted a claims analysis and will be filing claims objections within the next (7) days to several of the claims filed against the Debtor. This analysis has been hampered by the lack of access to the Debtor's computer servers and the Committee intends to move the Court for a short extension of the applicable January 25, 2010 deadline to file claim objections. Of particular importance are two large unsecured claims: one filed by the IUE/CWA (which represented the Debtor's unionized workforce) for unpaid wages and/or benefits totaling $224,567 and one filed by JMP Mezzanine Capital, LLC which filed a claim for more than $13 million. In both cases, the Committee cannot confirm or deny the existence, amount, or validity of the claims without access to the servers.

21. Finally, the Committee continues to investigate claims that may exist against the Debtor's former officers and directors. The Committee subpoenaed documents from two of the Debtor's former advisors: Brown, Gibbons, Lang and Company and Treadstone Management Partners, LLC. Both parties responded to the subpoena and the Committee has reviewed several

thousand documents served in response. The Committee believes that valid causes of action exist against some of the Debtor's former officer and directors but cannot complete its investigation until it has access to the Debtor's computer drives. The Committee intends to move the Court for a brief extension of the applicable January 25, 2010 deadline to file adversary proceedings to give the Committee time to access and review the information contained on the servers.

| | |
|---|---|
| Dated: January 15, 2010 | Respectfully submitted, |
| | BERNSTEIN LAW FIRM, P.C., |
| | By: /s/ *Scott E. Schuster* <br> Scott E. Schuster, Esq. <br> Pa. Id. No. 203766 <br> 707 Grant Street, 2200 Gulf Tower <br> Pittsburgh, PA 15219 <br> sschuster@bernsteinlaw.com <br> (412) 456-8119 (phone) <br> (412) 456-8273 (fax) <br> Attorney for the Official Committee of Unsecured Creditors |